UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>                          *Plaintiff*,<br><br>   v.<br><br>SEAN COMBS,<br><br>                         *Defendant*. | Civ. No. 25-1652<br><br>**COMPLAINT** |

Plaintiff John Doe, by and through his attorneys, Eisenberg & Baum, LLP, hereby states his Complaint against Defendant Sean Combs, and allege as follows based upon personal knowledge and information and belief:

## PRELIMINARY STATEMENT

1. Under the guise of male companion services, Sean Combs lured John Doe to be sexually assaulted and then threatened him to stay quiet: "you better not say a word to anybody about this. Did you hear me? . . . I'm not fucking playing with you. If I can get Pac hit, what the fuck do you think can happen to you?" Fearing for his life, John Doe affirmed that he would not say anything about the assault.

## PARTIES

2. Plaintiff John Doe is an individual.

3. Defendant Sean Combs is an individual.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction for the federal law claim under 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States. This Court also has supplemental jurisdiction for state and/or common law claims under 28 U.S.C. § 1367 because

the claims are substantially related to the federal law claim.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because, among other things, the acts and omissions giving rise to this Complaint occurred in this District.

## STATEMENT OF FACTS

6. In 2012, John Doe was a contractor for a male companion service based out of Florida.

7. After initially meeting Combs through this service, Doe would travel from Florida where he resides to New York City at Combs' request.

8. When Doe arrived at the Intercontinental Hotel in New York City, he was brought into a suite where Combs soon ordered Doe to perform sexual acts upon a female companion of Combs'.

9. During this time, Combs had Doe drink from a water bottle and then Combs rubbed baby oil all over Doe's body, one or both of which made Doe feel as if he had been drugged and not in complete control of his body.

10. Doe was directed by Combs to perform oral and penetrative sex on his female companion for multiple hours, degrading her and directing Doe to degrade and perform degrading acts upon her.

11. After these acts concluded, Doe went to the bathroom.

12. While in the bathroom, Combs entered and said, "I really want you to stay, let's turn up, let's turn up."

13. Doe reiterated that he was not feeling well and needed to leave. Combs replied saying, "No, we're gonna have some fun," and grabbed Doe's penis while he began to simultaneously touch himself.

14. Combs then let go of Doe's penis and began inserting his finger into Doe's anus without Doe's consent.

15. He continued the assault, pinning Doe to the wall and forcing his penis into Doe's rectum. Doe continually told Combs to stop, screaming "no" because he was in pain.

16. Combs continued the assault for 4-5 minutes and forcibly anally raped Doe.

17. When Combs removed his penis from Doe's rectum, he began to threaten him, saying things like, "you better not say a word to anybody about this. Did you hear me?" Doe affirmed that he had heard him. Combs continued: "I'm not fucking playing with you. If I can get Pac hit, what the fuck do you think can happen to you?" Doe, fearing for his life, again affirmed that he would not say anything about the assault.

**FIRST CAUSE OF ACTION**
(Violation of 18 U.S.C. § 1591)

18. Plaintiff repeats, reiterates and re-alleges each and every allegation set in detail above as if set forth more fully and at length herein.

19. The Trafficking Victims Protection Act ("TVPA") creates a civil remedy by victims against perpetrators and others who benefitted financially from participation in a sex trafficking venture. *See* 18 U.S.C. § 1595. A TVPA claim must plead that the defendant "knowingly . . . benefits, financially or by receiving anything of value, from participation in a [sex trafficking venture,] while knowing . . . that means of force, threats of force, fraud [or] coercion . . . will be used to cause [a] person to engage in a commercial sex act." 18 U.S.C. § 1591(a)(2). In addition to traditional sex trafficking ventures such as forced prostitution, the TVPA equally applies in simpler and less sensational situations to "defendants who have lured [individuals], under false pretenses and with lucrative promises, for sexual purposes." *Noble v. Weinstein*, 335 F. Supp. 3d

3

504, 516 n.5 (S.D.N.Y. 2018).[1]

20. Combs frequently traveled to different states and had Plaintiff travel interstate under the guise of a valid business transaction. Unbeknownst to Plaintiff, Combs actually intended to sexually assault Plaintiff instead.

21. Combs knew that he would use the contractor service for which Plaintiff worked in order to create a pretext for him to meet with Plaintiff for business-related purposes and used fraud, physical force or coercion to force sexual encounters without Plaintiff's consent.

22. Combs traveled in interstate and foreign commerce, knowingly recruiting or enticing Plaintiff, offering him something of value through the companion service, knowing that he would use these offers as a means to coerce Plaintiff to have private "business" meetings with Combs and then use fraud, intimidation, force and/or coercion into forced sexual encounters without Plaintiff's consent.

23. Thus, Combs knowingly affected interstate commerce by recruiting, enticing, transporting, and soliciting Plaintiff, knowing that he intended to and did perform a commercial sex act on Plaintiff without Plaintiff's consent.

24. As a result, Plaintiff experienced injury in the form of severe emotional pain and suffering, emotional distress and humiliation.

25. For the reasons alleged above, Plaintiff seeks compensatory and punitive damages at an amount to be determined by trial, and an award of attorneys' fees, costs, and disbursements.

**SECOND CAUSE OF ACTION**
(Violations of New York's VGMVPL)

---

[1] Indeed, "Congress noted that 'trafficking in persons is not limited to the sex industry,' and that 'traffickers lure [people] into their networks through false promises of decent working conditions at relatively good pay as nannies, maids, dancers, factory workers, restaurant workers, sales clerks, or models.'" *Noble*, 335 F. Supp. 3d at 514 (citing Pub. L. No. 106-386 § 102, 114 Stat. 1488 (2000)).

26. Under New York City's Victims of Gender-Motivated Protection Law ("VGMVPL") survivors of sexual abuse have a 2-year window to file claims over gender-motivated assaults that occurred at any time in the past. The window opens on March 1, 2023 and closes on March 1, 2025.

27. The VGMVPL provides a civil cause of action to any person "claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a *crime of violence* motivated by gender." Title 8, N.Y.C. Admin. Code § 10-1104. The term "crime of violence" is expressly defined to mean "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction." *Id.* § 10-1103.

28. As set forth above, Combs sexually assaulted Plaintiff, and this would not have occurred had Plaintiff been female.

29. In any event, sexual assault is presumed to be committed with "animus" for purposes of the VGMVPL.

30. For the reasons alleged above, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, and an award of attorneys' fees, costs, and disbursements.

**THIRD CAUSE OF ACTION**
(Common-law sexual assault, battery, and/or rape)

31. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

32. Combs intentionally attempted, without authority or consent, to harm and/or offensively contact Plaintiff, and this attempt reasonably placed Plaintiff in fear and apprehension of such harm and/or offensive contact, which conduct proximately caused him injury and damage.

33. A harmful, offensive, unprivileged, and unpermitted contact with Plaintiff actually occurred as a result of this conduct.

34. As a result, Plaintiff has experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

35. Defendant's conduct was malicious, wanton, and willful.

36. For the reasons alleged above, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, and an award of attorneys' fees, costs, and disbursements.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

37. Plaintiff re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

38. Combs' conduct and assault and battery of Plaintiff described above was intentional, shocking, unreasonable, and highly offensive, which caused severe and debilitating emotional distress to Plaintiff.

39. Defendant's conduct was malicious, wanton, and willful.

40. Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial, and an award of attorneys' fees, costs, and disbursements.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against Defendant:

A. Enter judgment against Defendant and an award of damages, including but not

limited to compensatory damages for emotional distress, nominal, punitive, and/or exemplary damages, attorneys' fees, pre- and post-judgment interest in an amount to be determined at trial by a jury; and

    B.    Any further relief as this Court deems just and proper.

Dated: February 26, 2025

                    Respectfully submitted,

                    **EISENBERG & BAUM, LLP**

By:   /s/ *Adriana Alcalde*
       Eric Baum
       Adriana Alcalde
       David John Hommel
       Andrew M. Clark
       24 Union Square East, Penthouse
       New York, NY 10003
       (212) 353-8700
       ebaum@eandblaw.com
       aalcalde@eandblaw.com
       dhommel@eandblaw.com
       aclark@eandblaw.com

       and

       Brian Silber (*pending pro hac vice*)
       Victim Rights Law Firm
       916 South Andrews Avenue
       Fort Lauderdale, FL 33316
       brian@victimrights.com
       *Attorneys for Plaintiff*