UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>     *Plaintiff*,<br><br> v.<br><br>SEAN COMBS,<br><br>     *Defendant*. | Civ. No. 1:25-cv-01652-LAP |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO PROCEED UNDER PSEUDONYM

Dated: June 9, 2025

                Eric M. Baum, Esq.
                Adriana Alcalde, Esq.
                David John Hommel, Esq.
                Andrew M. Clark, Esq.
                **EISENBERG & BAUM, LLP**
                24 Union Square East, Penthouse
                New York, NY 10003
                Main: (212) 353-8700
                Fax: (917) 591-2875
                ebaum@eandblaw.com
                aalcalde@eandblaw.com
                dhommel@eandblaw.com
                aclark@eandblaw.com
                *Attorneys for Plaintiff*

                Brian Silber (*pro hac vice*)
                Victim Rights Law Firm
                916 South Andrews Avenue
                Fort Lauderdale, FL 33316
                brian@victimrights.com

## INTRODUCTION

Defendant Sean Combs's opposition (ECF No. 20) to Plaintiff's motion to proceed anonymously (ECF No. 5) asks this Court to ignore the single most critical and distinguishing fact of this case: after violently raping Plaintiff, Defendant Sean Combs threatened to have him murdered. Citing his power and influence, Defendant specifically warned, "If I can get [Tu]Pac hit, what the fuck do you think can happen to you?" This is not a vague or speculative fear of harm; it is a direct, specific, and credible threat of lethal retaliation from a man with a documented history of violence and the resources to carry it out. In short, Defendant is one of the most powerful and influential figures in music. Duane "Keffe D" Davis, charged with in the 1996 shooting death of Tupac, has claimed that Defendant offered him a million dollars to orchestrate the hit.[1] Last fall, Tupac's family hired a lawyer to investigate any connection between Defendant and Tupac's murder:[2] And another lawsuit alleges that Defendant raped a woman with a remote control after she suggested he has involvement with Tupac's murder.[3] The Court may take judicial notice of these facts. All in all, Plaintiff naturally felt a credible threat of reprisal and continues to fear the potential for the orchestration of an attempt on his life even during the pendency of Diddy's trial.

Defendant wrongly argues this case is indistinguishable from prior rulings in this District. But in none of those cases did the defendant allegedly threaten a plaintiff by taking credit for the murder of a global icon. This extraordinary and chilling threat places Plaintiff in a unique position

---

[1] https://www.newsnationnow.com/banfield/tupac-shakurs-possible-diddy-connection-to-murder/; https://www.iheart.com/content/2024-07-24-keefe-d-worked-with-police-in-attempt-to-connect-diddy-to-2pacs-murder/#:~:text=Before%20the%20filing%2C%20law%20enforcement,completely%20false%2C%E2%80%9D%20Diddy%20Said.
[2] https://www.billboard.com/music/music-news/tupac-shakur-family-hires-investigate-link-to-diddy-1235793773/.
[3] https://people.com/sean-diddy-combs-accused-raping-woman-remote-control-8728249

of vulnerability that the *Sealed Plaintiff* factors were designed to protect. Defendant's procedural complaints about the lack of a sworn declaration are a diversion tactic; requiring Plaintiff to provide more particularized details of his fear would defeat the very purpose of this motion by risking his identification.

The detailed factual allegations within the Complaint (ECF No. 1), signed by counsel as an officer of the Court, provide a more than sufficient basis for this motion. The balance of interests weighs overwhelmingly in Plaintiff's favor. The profound risk of retaliatory harm far outweighs the minimal prejudice to a Defendant who knows Plaintiff's identity and the public's generalized interest in open proceedings. For these additional reasons, the motion should be granted.

## ARGUMENT

### I.  The Balance of *Sealed Plaintiff* Factors Favors Anonymity

As set forth in Plaintiff's moving papers, the ten factors outlined in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), are not a rigid checklist, but a flexible balancing test. Here, the factors concerning Plaintiff's safety are paramount and dispositive.

#### A. Factor One: This Litigation Involves Matters of an Especially Sensitive and Personal Nature

While any claim of sexual assault is sensitive, this case is exceptional. The Complaint details not only a violent rape but a rape followed by a direct threat of murder by an internationally famous celebrity who indicated he had killed before. This combination of sexual violence and credible threat of lethal retaliation elevates the sensitivity beyond the cases Defendant cites, where courts have held that allegations of sexual assault, by themselves, are not sufficient.

#### B. Factors Two and Three: The Risk of Retaliatory Physical and Mental Harm is Extreme and Not Speculative

Defendant wrongly characterizes Plaintiff's fear of retaliation as "speculative" (ECF No.

3

20 at 10) and dismisses the death threat as a stale, decade-old comment. This argument is dangerously naïve. First, the threat is not a generalized claim of harm applicable to all sexual assault plaintiffs. It is a particularized threat of murder. The risk of harm is self-evident from the plain language of the Complaint.

Second, Defendant's argument that he poses no "continuing threat" because he is currently in federal custody is unavailing. A figure with Defendant's wealth, power, and alleged history of violence does not need to be physically present to orchestrate retaliation. Plaintiff's motion explicitly noted the risk of harm from Defendant's "cohorts", who are not incarcerated. A threat from such a powerful individual does not simply expire. Indeed, Defendant stated to Plaintiff that he "g[o]t Pac hit," indicating that Defendant is capable of orchestrating "hits" carried out by third parties.

Third, Defendant's demand for "particularized evidence" or "medical documentation" to prove the severity of potential harm is a strategic trap. Plaintiff cannot provide further details about the psychological toll of this threat or the specific precautions he has taken without revealing information that could easily lead to his identification. The detailed, factual allegations of the threat itself, made under penalty of sanctions pursuant to Rule 11, are sufficient evidence at this stage. These factors weigh powerfully in favor of anonymity.

### C. Factor Six: Defendant Will Suffer No Meaningful Prejudice

Defendant's claim of "severe prejudice" is overstated (ECF No. 20 at 11-13). Defendant knows Plaintiff's identity and is fully capable of investigating the claims and preparing a defense. The argument that anonymity frustrates the ability to interview unknown witnesses who might come forward is meritless here. The alleged assault occurred in a private hotel suite, with only Defendant, Plaintiff, and a female companion of Combs' present. The universe of fact witnesses

is exceptionally small and already known to the parties. Public disclosure is not a prerequisite for Defendant to conduct a thorough investigation.

While Defendant also complains of reputational harm (*see id.*), this harm stems from the gravity of the allegations themselves, not Plaintiff's anonymity. Forcing a victim who has received a death threat to publicly identify himself as a precondition to seeking justice is fundamentally unfair and creates the very "imbalance" Defendant decries. It would create a chilling effect, suggesting that a powerful defendant can use his public status to intimidate accusers into silence.

### D. Factors Eight and Nine: The Public Interest is Best Served by Protecting a Threatened Plaintiff

The public has a legitimate interest in open courts. However, that interest is not absolute and must be balanced against the need to protect litigants from harm. The public also has a profound interest in ensuring that victims of sexual assault, especially those assaulted by powerful and influential figures, are not deterred from seeking justice.

Defendant's argument that other plaintiffs have sued him in their own names is irrelevant. The Court must evaluate the specific facts of this case. Those other plaintiffs may not have been threatened with murder by reference to the killing of Tupac Shakur. The fact that some victims are willing or able to bear the risk of public exposure does not mean the Court should compel it for a plaintiff who has received a specific threat against his life. Doing so would undermine, not serve, the public's interest in the enforcement of legal and social norms.

### E. Factor Ten: Alternative Mechanisms Are Inadequate

Defendant suggests that redactions or a protective order would suffice. In a case of this magnitude, against a defendant of this public stature, such measures are insufficient. The intense media attention makes it highly probable that an accidental disclosure or a single unredacted filing would permanently reveal Plaintiff's identity. Furthermore, relying on redactions would likely lead

5

to constant motion practice over what should be sealed, creating unnecessary delays and burdening the Court, contrary to the interests of judicial efficiency. Pseudonymity is the only mechanism that can meaningfully protect Plaintiff's safety.

## **CONCLUSION**

For the foregoing additional reasons Plaintiff respectfully requests that the Court grant his motion to proceed under a pseudonym in its entirety, plus grant such other and further relief as this Court deems just and proper.

Dated:  June 9, 2025

Respectfully submitted,

/s/ *Adriana Alcalde*
Adriana Alcalde, Esq.
David John Hommel, Esq.
Andrew M. Clark, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
(212) 353-8700
ebaum@eandblaw.com
aalcalde@eandblaw.com
dhommel@eandblaw.com
aclark@eandblaw.com

and

Brian Silber (*pro hac vice*)
Victim Rights Law Firm
916 South Andrews Avenue
Fort Lauderdale, FL 33316
brian@victimrights.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Adriana Alcalde, counsel for Plaintiff John Doe in the above-captioned case, do hereby certify that on June 9, 2025, I electronically filed this document with the Clerk's Office using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys.

/s/ *Adriana Alcalde*
Adriana Alcalde, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
(212) 353-8700
aalcalde@eandblaw.com
*Attorneys for Plaintiff*