UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

               Plaintiff,

-against-

SEAN COMBS, GARREN JAMES, and

COWBOYS4ANGELS,

               Defendants.

25 Civ. 1652 (LAP)

MEMORANDUM AND ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Plaintiff John Doe's motion to proceed anonymously ("the Motion").[1]  Defendant Sean Combs[2] opposed the motion.[3]  For the reasons set forth below, the Motion is DENIED.

## I.  Factual Background

On February 26, 2025, Plaintiff, proceeding anonymously, initiated this action, asserting the following causes of action against all Defendants: violation of Trafficking Protection Act ("TVPA"), Intentional Infliction of Emotional Distress, Racketeer Influenced and Corrupt organization Act ("RICO"), and New York State's Trafficking Victims Protection and Justice act ("TVPJA").

---

[1] (Pl. Mot. to Proceed Anonymously ("Pl. Mot."), dated Feb. 7, 2025 [dkt. no. 5]; Pl. Reply Mem. in Support of Mot. (Reply"), dated June 9, 2025 [dkt. no. 24].)

[2] This action is brought against Garren James, Sean Combs and Cowboys4Angels, (together "Defendants"), but Defendant Combs is the only defendant to respond and oppose this motion.  (Pl. Am. Compl. ("Am. Compl."), dated June 16, 2025 [dkt. no. 25].)

[3] (Def. Mem. in Opposition of Pl. Mot. ("Def. Opp'n"), dated June 2, 2025 [dkt. no. 20].)

(See generally Am. Compl. ¶¶ 35, 51-52, 54, 68-70, 76-82, 86-89.)
Additionally, Plaintiff asserts two causes of action against
Defendant Combs for common law sexual assault, and violations of
New York City's Victims of Gender-Motivated Protection Law
("VGMVPL").   (See generally id. ¶¶ 57-60, 62-66.)   Plaintiff
alleges that Defendant Combs, a well-known rapper, record
producer, and record executive, sexually assaulted him after
Defendant Combs utilized Plaintiff's services at the
Intercontinental Hotel in New York City.   (See id. ¶¶ 13-24.)
Moreover, Plaintiff alleges that Defendants Garren James and
Cowboys4Angels were aware of and complicit in Defendant Combs'
propensity for sexual violence and sex trafficking of vulnerable
individuals including Plaintiff.   (See id. ¶ 32.)

On February 27, 2025, Plaintiff moved to appear anonymously.
(Mot.)  On June 2, 2025, Defendant Combs opposed Plaintiff's motion
to proceed anonymously.  (Def. Opp'n.)  For the reasons set forth
below, Plaintiff's motion is DENIED.

## II.  Applicable Law

Pursuant to Federal Rule of Civil Procedure ("FRCP") 10(a),
"[t]he title of [a] complaint must name all the parties." United
States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) (alteration in
original) (quoting Fed. R. Civ. P. 10(a)).   "This requirement,
though seemingly pedestrian, serves the vital purpose of
facilitating public scrutiny of judicial proceedings and therefore

2

cannot be set aside lightly." <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 188-89 (2d Cir. 2008). "Although there is a presumption that the parties will disclose their names, a district court has discretion to grant an exception to this requirement in certain limited circumstances." <u>Doe v. Combs</u>, No. 24 Civ. 08810 (LAK), 2025 WL 268515, at *1 (S.D.N.Y. Jan. 22, 2025) (citing <u>Sealed Plaintiff</u>, 537 F.3d at 188-89. "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." <u>Doe v. Combs</u>, No. 24 Civ. 07777 (LJL), 2025 WL 722790, at *2 (S.D.N.Y. Mar. 6, 2025) (alteration in original) (quoting <u>Pilcher</u>, 950 F.3d at 45). The Court of Appeals has established a non-exhaustive list of ten factors that the district court should take into consideration when ruling on a motion to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice

> (if any) differs at any particular stage of the
> litigation, and whether any prejudice can be
> mitigated by the district court; (7) whether the
> plaintiff's identity has thus far been kept
> confidential; (8) whether the public's interest in
> the litigation is furthered by requiring the
> plaintiff to disclose his identity; (9) whether,
> because of the purely legal nature of the issues
> presented or otherwise, there is an atypically weak
> public interest in knowing the litigants'
> identities; and (10) whether there are any
> alternative mechanisms for protecting the
> confidentiality of the plaintiff.

Sealed Plaintiff, 537 F.3d at 190 (alteration and omission in original) (citations and internal quotation marks omitted). "Courts are 'not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" Doe v. Combs, No. 23 Civ. 10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (quoting Sealed Plaintiff, 537 F.3d at 191 n.4).

## III. Discussion

Here, the factors weigh against allowing Plaintiff to proceed anonymously. Accordingly, Plaintiff's Motion is DENIED.

### a. Factors One and Seven: Plaintiff's Privacy Interest

Factors one and seven, which both concern Plaintiff's privacy interests, weigh in favor of allowing anonymity.

As to the first factor, the basis of this suit is Defendant Combs' alleged sexual assault and rape of Plaintiff, the facts of which are indisputably disturbing. Additionally, these allegations are certainly of a "highly sensitive" and "personal

nature" and, thus, weigh in favor of Plaintiff's anonymity.  Doe

v. Skyline Automobiles Inc., 375 F. Supp. 3d 401, 405 (S.D.N.Y.

2019) (quoting Sealed Plaintiff, 537 F.3d at 190); see Doe v.

Townes, No. 19 Civ. 8034 (ALC) (OTW), 2020 WL 2395159, at *3

(S.D.N.Y. May 12, 2020). Moreover, the possibility of social stigma

and the potential impact disclosure could have on Plaintiff's

family further weigh in favor anonymity.  However, this factor is

not dispositive because "allegations of sexual assault, by

themselves, are not sufficient to entitle a plaintiff to proceed

under a pseudonym."  Skyline Automobiles Inc., 375 F. Supp. 3d at

405-06 (citing Doe v. Shakur, 164 F.R.D. 359, 361-62 (S.D.N.Y.

1996) (collecting cases)).  In fact, eleven motions in this

District, with similar facts and arguments as in this motion, have

been denied despite containing disturbing allegations of sexual

assault against Defendant Combs.[4]

---

[4] Doe v. Combs, No. 24 Civ. 8024 (VEC), 2025 WL 1397092 (S.D.N.Y.
May 13, 2025); Doe v. Combs, No. 24 Civ. 7977 (VSB), 2025 WL
1380800 (S.D.N.Y. May 13, 2025); Doe v. Combs, No. 24 Civ. 7776
(NRB), 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025); Doe v. Combs, No.
24 Civ. 7974 (JMF), 2025 WL 1132305 (S.D.N.Y. Apr. 8, 2025); Doe
v. Combs, No. 24 Civ. 8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar.
28, 2025); Doe v. Combs, No. 24 Civ. 9852 (JLR), 2025 WL 934380
(S.D.N.Y. Mar. 27, 2025); Doe v. Combs, No. 24 Civ. 7778 (JLR),
2025 WL 934358 (S.D.N.Y. Mar. 27, 2025); Doe v. Combs, No. 24 Civ.
7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025); Doe v. Combs,
No. 24 Civ. 8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025);
Doe v. Combs, No. 24 Civ. 8054 (MKV), 2024 WL 4635309 (S.D.N.Y.
Oct. 30, 2024), reconsideration denied, 2024 WL 4753565 (S.D.N.Y.
Nov. 12, 2024); and Doe v. Combs, No. 23 Civ. 10628 (JGLC), 2024
WL 863705 (S.D.N.Y. Feb. 29, 2024).

The seventh factor is "whether the plaintiff's identity has thus far been kept confidential." Sealed Plaintiff, 537 F.3d at 190. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym. See, e.g., Skyline Automobiles Inc., 375 F. Supp. 3d at 407; Rapp v. Fowler, 537 F. Supp. 3d 521, 529 (S.D.N.Y. 2021). This factor weighs in favor of Plaintiff because he "has not made any public announcements regarding his identity and allegations, and the information upon which he bases his allegations is not known to anyone but Defendant and his counsel." (See the Reply at 5.) Moreover, Defendant's argument that Plaintiff may have spoken privately about the alleged incident is pure speculation. See Combs, 2025 WL 934380, at *2 (finding that the argument that Plaintiff may have spoken privately to others about allegations against Combs is speculation, and even if true, would not necessarily tip the scales in the defendants' favor). However, Defendant Combs correctly notes this factor is not dispositive. (See Def. Opp'n at 14); Doe v. Combs, No. 24 Civ. 7777 (LJL), 2025 WL 722790 at *3 (S.D.N.Y. Mar. 6, 2025).

Accordingly, factors one and seven weigh in favor of allowing anonymity, though they are not dispositive.

### b. Factors Two and Three: Plaintiff's Harm

The second and third factors involve the risk of harm to Plaintiff or third parties and weigh against anonymity. The second factor is "whether identification poses a risk of retaliatory

6

physical or mental harm to the [plaintiff] or even more critically to innocent non-parties." Sealed Plaintiff, 537 F.3d at 190. The third factor is "whether identification presents other harms." Id.

Notably, Plaintiff provided no admissible evidence to support his motion to proceed under pseudonym and failed to submit any declaration or affidavit in support of his application. (See Def. Opp'n at 4; see Reply.) Plaintiff solely relies on the conclusory allegations in his memorandum of law and the language of the Amended Complaint, neither of which is verified or sworn under penalty of perjury and thus are inadmissible. See Combs, 2025 WL 722790, at *2; see also In re World Trade Ctr. Disaster Site Litig., 722 F.3d 483, 488 (2d Cir. 2013).

Plaintiff argues that the second factor weighs in his favor because of an alleged threat Defendant Combs made to Plaintiff over a decade ago, specifically "I'm not f[***]ing playing with you. If I could get pac hit, what the f[***] do you think can happen to you?" (See Am. Compl. ¶ 24.) Plaintiff further alleges that Defendant Combs made a call to Defendant Garren James where Defendant Combs stated he wanted to kill Plaintiff. (See id. ¶ 29.) However, the claimed risks "must be more than speculative claims of physical or mental harms." Townes, 2020 WL 2395159, at *4. Moreover, Plaintiff offers nothing beyond those allegations to substantiate the threats, and as noted Plaintiff failed to

submit a declaration under penalty of perjury in support of this motion attesting to the veracity of these statements. Additionally, these alleged threats were from over a decade ago, and Plaintiff provides no evidence that Defendant Combs has recently made threats regarding this lawsuit or even that Plaintiff has had contact with Defendant Combs in the past decade. Furthermore, Plaintiff admits that "Combs is not the threat he was years ago" due to Defendant Combs' being convicted on federal charges and being held in the Metropolitan Detention Center awaiting sentencing. (See Am. Compl. ¶ 29.)  Thus, with regard to the threat of physical harm, this factor weighs against anonymity.

Additionally, Plaintiff argues that disclosure presents the risk of emotional harm.  However, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific injury . . . conclusory statements and speculation about mental harm to Plaintiff are insufficient," and Plaintiff provides none. Combs, 2024 WL 4635309, at *3.  Moreover, it is insufficient merely to provide "evidence of embarrassment, social stigmatization and economic harm."  Townes, 2020 WL 2395159, at *4.  Furthermore, Plaintiff argues that requiring medical documentation is a "strategic trap," because Plaintiff cannot do so without revealing information that could easily lead to his identification.  (See Reply at 4.)  Plaintiff neglects the fact that he could submit a redacted medical document that would prevent the risk of

disclosure, and further he neglects that medical documentation is routinely required to prove mental harm. See Combs, 2024 WL 4635309, at *3 (holding that conclusory statements and speculation about mental harm are insufficient and that factors two and three require direct evidence linking disclosure of the plaintiff's name to a specific injury); Combs, 2024 WL 863705, at *3 (same); Combs, 2025 WL 934380, at *3 (same); Combs, 2024 WL 4635309, at *3 (same). Therefore, the second factor counsels against anonymity.

In support of the third factor, Plaintiff merely states that "[he] will undoubtedly suffer further damage to his career and professional opportunities." (See Mot. at 4.) Plaintiff fails to provide evidence to substantiate this harm or even detail how Plaintiff's career has been damaged thus far. The Amended Complaint provides slightly more information than the original complaint that Plaintiff's career has suffered because he "could not attend modeling or acting auditions and abstained from working for Garren James." (See Am. Compl. ¶ 34.) However, "without further, specific evidence," Plaintiff's "claims are too speculative to support anonymity in this case." Doe v. Intel Corp., No. 24 Civ. 06117 (JPO), 2024 WL 4553985, at *5 (S.D.N.Y. Oct. 22, 2024). Assertions of harm without corroboration is not enough. See Combs, 2024 WL 863705, at *4 (holding that claims of harm without corroboration are not enough to satisfy the burden of demonstrating a particularized harm); Combs, 2025 WL 950685, at *3

9

(same); and Combs, 2025 WL 934358, at *3 (similar).  Therefore, because Plaintiff provides only a conclusory unsworn statement of "damage to his career" he does not demonstrate that the third factor weighs in favor of anonymity.

Accordingly, factors two and three weigh against anonymity.

### c. Factor Four: Plaintiff's Vulnerability

The fourth factor, which asks "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age," weighs against allowing anonymity.  Sealed Plaintiff, 537 F.3d at 190.  Plaintiff is an adult and was so at the time of the alleged events in the Amended Complaint.  Plaintiff "has not identified any reasons for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names."  Combs, 2024 WL 4635309, at *4.  Therefore, the fourth factor weighs against anonymity.

### d. Factors Five, Eight, and Nine: The Public Interest

Factor five - "whether the suit is challenging the actions of the government or that of private parties" - weighs against allowing Plaintiff to proceed under a pseudonym.  Sealed Plaintiff, 537 F.3d at 190.  This action is brought against private parties, and "[c]ourts are loathe to grant a motion to proceed anonymously against private parties."  Combs, 2024 WL 4635309, at *4.  This is because "there is a significant interest in open judicial

proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." Rapp, 537 F. Supp. at 532 (internal quotation marks omitted). Therefore, factor five weighs against anonymity.

Factor eight, which asks "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity," weighs against anonymity. Sealed Plaintiff, 537 F.3d at 190. Plaintiff argues that public interest is served by allowing him to proceed anonymously because doing otherwise could deter victims of sexual assault from seeking relief through civil suits. (See Mot. at 6.) While "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes," Doe No. 2 v. Kolko, 242 F.R.D. 193, 195 (E.D.N.Y. 2006), the public also has an interest against anonymity as "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them." Combs, 2024 WL 4635309, at *6 (quoting Shakur, 164 F.R.D. at 361). "Among those facts is the identity of the parties." Id. Moreover, the public interest in knowing the identity of the parties is "magnified" where a plaintiff "has made allegations against a public figure." Combs, 2025 WL 268515, at *4 (quoting Rapp, 537 F. Supp. 3d at 532). Furthermore, "there is also a public interest in the accused being

11

able to publicly confront an accuser, a right that would be undermined by Plaintiff's anonymity." Combs, 2024 WL 863705, at *5 (citing Doe1 v. Branca USA, Inc., No. 22 Civ. 3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022)).  In balancing these competing interests, the Court finds that the public's interest in Plaintiff's identity weighs against anonymity.  See Combs, 2025 WL 1380800, at *5 (holding that the public interest factors have considerations that weigh against granting leave to proceed anonymously); Combs, 2024 WL 4635309, at *6 (holding that the public interest factors weigh against anonymity); Combs, 2025 WL 268515, at *4-5 (same); but see Combs, 2025 WL 950685, at *4-5 (recognizing that the nature of the plaintiff's allegations somewhat weaken the interest of the public).

Factor nine considers "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities." Sealed Plaintiff, 537 F.3d at 190.  Here, Plaintiff's "claims are factual in nature, which weighs against anonymity." Combs, 2025 WL 268515, at *5.  Thus, factor nine weighs against granting Plaintiff's motion.

Accordingly, factors five, eight, and nine counsel against anonymity.

### e. Factor Six: Defendant's Prejudice

Factor six - "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court" - weighs against allowing Plaintiff to proceed anonymously.  Sealed Plaintiff, 537 F.3d at 190.

In considering whether Defendant Combs would be prejudiced by Plaintiff's proceeding under a pseudonym, the Court weighs "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." Rapp, 537 F. Supp. 3d at 531 (quoting Townes, 2020 WL 2395159, at *5).  Here, Defendant Combs could be prejudiced on each of these grounds.

First, there is an "imbalance [that] arise[s] where [a] [d]efendant must 'defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity.'" Doe v. Gooding, No. 20 Civ. 06569 (PAC), 2022 WL 1104750, at *7 (S.D.N.Y. Apr. 13, 2022) (quoting Shakur, 164 F.R.D. at 361).  "In such a situation, when one party is anonymous while others are not, there is an 'asymmetry in fact-gathering.'  This asymmetry is more profound in cases involving substantial publicity, because 'information about only one side may come to light as a result,'" Combs, 2024 WL 863705, at *3 (quoting Doe v. Leonelli, No. 22 Civ.

13

03732 (CM), 2022 WL 2003635, at *5 (S.D.N.Y. June 6, 2022)),
"[p]articularly in a high profile case in which unknown witnesses
may surface," Combs, 2025 WL 268515, at *4 (citing Rapp, 537 F.
Supp. 3d at 531). "Additionally, the plaintiff's anonymity may
undermine the defendants' efforts to mitigate the alleged
reputational damage stemming from these serious allegations."
Combs, 2025 WL 268515, at *4. Furthermore, "[c]onfidentially
disclosing the plaintiff's name to the defendants' counsel, as
plaintiff's counsel suggests, would not eliminate the potential
prejudice." (See Mot. at 5.) Combs, 2025 WL 268515, at *4; accord
Combs, 2024 WL 4635309, at *5 ("The potential prejudice to
Defendants is particularly stark here because Plaintiff is
bringing a lawsuit about an incident that allegedly occurred
approximately twenty years ago, which may be difficult to defend
even with information about Plaintiff's identity.")

Here, Plaintiff argues that Defendant Combs will not be
prejudiced at this early stage of litigation because he is already
aware of Plaintiff's identity. (See Mot. at 5.) However,
Plaintiff provides no evidence that he has disclosed his identity
to Defendant Combs, and Defendant Combs manifestly denies any
knowledge of the Plaintiff's identity. (See Def. Opp'n at 13.)
Additionally, Plaintiff argues that Defendant Combs is not
prejudiced by anonymity because the "universe of facts witnesses
[is] exceptionally small and already known to the parties." (See

14

Reply at 4-5.)   Conversely, Plaintiff provides no sworn statement to verify that there are no other witnesses who may come forward. Also, Plaintiff may claim that Defendant Combs is aware of the involved parties, but, contrary to that assertion, Defendant Combs maintains that he remains unaware of even Plaintiff's identity and would not be able to conduct a thorough investigation without it. (See Id.; Def. Opp'n at 13.).   Therefore, this factor weighs heavily against anonymity.

### f. Factor Ten: Alternative Protections

Factor ten considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." Sealed Plaintiff, 537 F.3d at 190.  Here, "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order." Combs, 2024 WL 4635309, at *6; accord Combs, 2025 WL 268515, at *5 (same).  Moreover, "Defendant is willing to enter into a stipulated confidentiality protective order under which each party can designate as 'confidential' during pretrial proceedings any materials viewed as highly sensitive."   (Def. Opp'n at 21.) Therefore, because there are alternative means available to Plaintiff to protect confidential information, this factor weighs against anonymity.

## IV.  Conclusion

Overall, the interests at stake in this case weigh heavily against allowing Plaintiff to proceed anonymously.  Plaintiff has an interest in remaining anonymous given the sensitive and private nature of these allegations, the backlash that may result in bringing such allegations, and the public scrutiny of his personal life.  However, Plaintiff, who was an adult at the time of allegations, made the conscious decision to file this lawsuit where he accuses a public figure of reprehensible conduct from over a decade ago.  Additionally, Defendant Combs has a right to defend himself, which may include investigating Plaintiff.  Moreover, the people have a right to know who is using the court system and to what end.

Accordingly, considering all of the Sealed Plaintiff factors, for the foregoing reasons, Plaintiff's Motion is DENIED.  Plaintiff shall proceed under his true name if he intends to pursue this case.  Plaintiff shall file a Second Amended Complaint with his true name by July 31, 2025.  If an amended complaint is not filed by that date, or if that deadline is not extended, the Court will dismiss the Amended Complaint without prejudice and the Clerk of the Court will close the case.

The Clerk of Court is respectfully directed to close dkt. no.

4.

**SO ORDERED.**

Dated:      July 17, 2025
            New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge