# EISENBERG & BAUM, LLP

March 25, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  ***Otis v. Garren James, et al.*, No. 25-cv-01652 (LAP)**

Dear Judge Preska:

Consistent with the Court's Order dated March 17, 2026 (ECF No. 102), counsel for the parties have conferred, and the undersigned writes to advise the Court of the parties' respective positions:

## Plaintiff's Position

Plaintiff wishes to proceed with discovery in advance of a damages inquest. Plaintiff is seeking compensatory damages, treble damages, punitive damages, and attorney's fees and costs.[1]

Plaintiff is looking to retain an expert witness to perform a psychological assessment of emotional distress.

Plaintiff will pursue discovery of Defaulting Defendant Garren James a.k.a. Brett Taylor's financial information, such as loan statements, insurance policies, and credit-card statements. *See Hamm v. Potamkin*, No. 98 CIV. 7425 (RWS), 1999 WL 249721, at *2 (S.D.N.Y. Apr. 28, 1999) ("[D]efendants' financial information is

---

[1] *See, e.g.*, 18 U.S.C. § 1964 (permitting a plaintiff to "recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee").

The Honorable Loretta A. Preska
March 25, 2026
Page 2

certainly relevant to plaintiffs' claims for punitive damages."); *Moore v. Rubin*, 160 F.4th 271, 299–300 (2d Cir. 2025) ("[W]e hold that the TVPA authorizes punitive damages . . . ."); *O'Dell v. New York Prop. Ins. Underwriting Ass'n*, 145 A.D.2d 791, 792, 535 N.Y.S.2d 777, 779 (3d Dep't 1988) (discussing when punitive damages are recoverable for a claim of intentional infliction of emotional distress). This discovery can be "Attorney's Eyes Only" and/or subject to a confidentiality order before the damages inquest. Plaintiff will tender discovery requests and may take depositions, including the Defaulting Defendant's.

Plaintiff's position is that the Defauling Defendant forfeited his right to seek discovery, especially following a willful default. Neither discovery nor hearings are even required if damages can be determined from "plaintiffs' submissions" alone. *Cesario v. BNI Const., Inc.*, No. 07CIV.8545(LLS)(GWG), 2008 WL 5210209, at *1 (S.D.N.Y. Dec. 15, 2008) ("As plaintiffs' submissions provide [] a basis, no hearing is required."), *report and recommendation adopted*, No. 07 CIV. 8545LLSGWG, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment."). In that vein, there is no procedural room for discovery by the Defaulting Defendant, especially if the parties could have proceeded directly to a hearing. The Court, in exercising its discretion, should deny the Defaulting Defendant's requests here.

With the Court's permission, Plaintiff will conduct its discovery expeditiously, so the damages inquest may follow in short order.

**<u>Defendant's Position</u>**

Unlike allegations pertaining to liability, allegations in connection with damages are not admitted in the context of a default judgment. *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Ges Bake Shop, Inc.*, 2014 U.S. Dist. Lexis 39143 (E.D.N.Y. 2014). See *SEC v. Wang & Lee*, 1989 U.S. Dist. Lexis 15346 (S.D.N.Y. 1989). "Defendants who default are entitled to discovery regarding unliquidated damages." *Id.* See *Trs. Of Local 807 Labor Mgmt. Pension Fund v. Mar. Fish Producs.*, 2012 U.S. Dist. Lexis 93211 (E.D.N.Y. 2012); *Claque* v. *Bednarski,* 105 F.R.D. 552 (E.D.N.Y. 1985) (defaulting defendant entitled to deposition and physical examination of injured plaintiff); *Fleurentin v. McDowell,* 2009 U.S. Dist. Lexis 84734 (E.D.N.Y. 2009); *Newman v. Mor*, 2009 U.S. Dist.

The Honorable Loretta A. Preska
March 25, 2026
Page 3

Lexis 131388 (E.D.N.Y. 2009); *Finkel v. Ampul Elec., Inc.,* 2011 U.S. Dist. Lexis 114125 (E.D.N.Y. 2011); *Bricklayers Ins. & Welfare Fund v. Vinza Concrete, Inc.,* 2017 U.S. Dist. Lexis 147564 (E.D.N.Y. 2017); *Hnin Intermodal Am., Inc. v. Jindo Trading Corp.,* 2011 U.S. Dist. Lexis 15523 (E.D.N.Y. 2011).

Based upon the above well settled law in this circuit, and the psychological and emotional injuries alleged to have been suffered by Plaintiff, Defendant will pursue, among other relevant discovery: (a) discovery of Plaintiff's relevant medical/therapy records (b) an independent mental examination of Plaintiff (IME) (c) Plaintiff's deposition and (d) Plaintiff's employment records.

\* \* \*

Plaintiff thanks the Court and remains available if there are any further questions.

Respectfully submitted,

David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
dhommel@eandblaw.com
*Attorneys for Steve Otis*

cc:    All Counsel of Record