# EISENBERG & BAUM, LLP

April 8, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Otis v. Garren James, et al.*, No. 25-cv-01652 (LAP)

Dear Judge Preska:

Consistent with the Court's Order dated April 1, 2026 (ECF No. 110), the undersigned writes to advise (i) the total amount and types of damages Plaintiff is seeking; (ii) the basis for these calculations; and (iii) whether Plaintiff intends to rely on expert or medical testimony to establish such damages.

Plaintiff is seeking $2 million in damages for egregious emotional distress. *See, e.g.*, 18 U.S.C. § 1595(a). Plaintiff will rely on his testimony, case law, and an expert to perform a psychological assessment.[1]

---

[1] The Second Circuit has upheld emotional-distress awards in the seven figures, including a $1.8 million award against landlord whose negligence caused the victim to be raped by a co-defendant. *Ortiz v. New York City Hous. Auth.*, 22 F. Supp. 2d 15, 39 (E.D.N.Y. 1998) (upholding a jury award of $3 million in compensatory damages for pain and suffering where the victim was raped at gunpoint plaintiff and concluding that a landlord was "60 percent" responsible in failing to repair the locks of the doors that allowed the rapist to enter the building), *aff'd*, 198 F.3d 234 (2d Cir. 1999); *see also Carroll v. Trump*, 683 F. Supp. 3d 302, 327 (S.D.N.Y. 2023) ("The trial evidence of the harm to Ms. Carroll as a result of being assaulted and digitally raped supports the jury's $2 million award as reasonable compensation for her pain and suffering."), *aff'd*, 124 F.4th 140 (2d Cir. 2024). Plaintiff's demand of

The Honorable Loretta A. Preska
April 8, 2026
Page 2

　　　　Plaintiff is seeking $2 million in punitive damages. *See, e.g.*, 18 U.S.C. § 1595(a). Plaintiff will rely on case law and testimony on the reprehensibility of the Defaulting Defendant's conduct.[2]

　　　　Moreover, Plaintiff is seeking treble damages for "injur[ies] in his business," such as lost opportunities like modeling, acting, and the like. *See, e.g.*, 18 U.S.C. § 1964(c). Plaintiff is still quantifying the amount and will rely on his testimony.

---

$2 million is well within the comparable range of cases like *Ortiz* considering inflation. *CPI Inflation Calculator,* United States Department of Labor, http://www.bls.gov/data/inflation_calculator.htm (last visited Apr. 2, 2026), *cited by Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 146, 151–52, 163 (2d Cir. 2014) (upholding award of $1.32 million for emotional distress and "[t]aking inflation into account" in comparing other awards).

The facts here, which will be bolstered by sworn testimony, merit an award of $2 million against the Defaulting Defendant who, like the *Ortiz* landlord, put Plaintiff into harm's way. "In coordination with [the Defaulting Defendant] and his 'Cowboys4Angels,' Sean Combs lured Steve Otis to be sexually assaulted and then threatened him to stay quiet," and the Defaulting Defendant was "fully knowledgeable about Combs' propensity for sexual violence, his intent to lure and subsequently assault Plaintiff, and were complicit in Combs' sex trafficking of Otis and other vulnerable individuals." Second Am. Compl. ¶¶ 1, 32, ECF No. 43.

[2] Although the Second Circuit has upheld a 2:1 ratio, Plaintiff is only seeking a 1:1 ratio in punitive damages. *Turley*, 774 F.3d at 167 ("We think that in the aggravated circumstances of this case, an approximate 2:1 ratio is both permissible under the Constitution and consistent with the established policies adopted and adhered to by this Court."); *Doe v. Hyassat*, No. 18CIV6110PGGOTW, 2024 WL 1955354, at *6 (S.D.N.Y. May 3, 2024) (cleaned up) ("Plaintiff is awarded $1.25 million in compensatory damages and $1.25 million in punitive damages."); *see also Duarte v. St. Barnabas Hosp.*, 341 F. Supp. 3d 306, 328 (S.D.N.Y. 2018) ("The Supreme Court has stated that '[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct.'" (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996)).

The Honorable Loretta A. Preska
April 8, 2026
Page 3

Furthermore, Plaintiff is seeking attorney's fees and costs. *See, e.g.*, 18 U.S.C. § 1595(a); 18 U.S.C. § 1964(c) (permitting "the cost of the suit, including a reasonable attorney's fee"). Attorney's fees and costs will be supported by contemporaneous billing records and receipts and reasonable hourly rates.

Plaintiff thanks the Court and remains available if there are any further questions.

Respectfully submitted,

David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
dhommel@eandblaw.com
*Attorneys for Steve Otis*

cc:    All Counsel of Record