UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE OTIS,

                          Plaintiff,

          -against-

GARREN JAMES a/k/a BRETT TAYLOR

                          Defendant.

25-cv-1652 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

This Order addresses damages discovery following the default judgment entered against Brett Taylor (the "Defaulting Defendant"). In advance of the damages inquest, Plaintiff seeks Defaulting Defendant's financial information, including "loan statements, insurance policies, and credit-card statements" and further seeks to depose Defaulting Defendant. (Dkt. 108 at 2-3.) These requests are granted.

Defaulting Defendant, in turn, seeks (i) Plaintiff's relevant medical or therapy records, (ii) an independent medical examination of Plaintiff, (iii) a deposition of the Plaintiff, and (iv) Plaintiff's employment records. (Dkt. 108 at 3.) Plaintiff opposes any such reciprocal discovery. However, the Court notes that Plaintiff is pursuing $2 million in damages for egregious emotional distress and has indicated that he will rely in part on an expert psychological assessment to establish these damages.

(Dkt. 111 at 1.)  Plaintiff also seeks punitive damages and damages for "lost [business] opportunities like modeling, acting, and the like."  (Id. at 2).

Where, as here, a plaintiff seeks damages "'which are neither susceptible of mathematical computation nor liquidated as of the default,'" such damages "'usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount.'"  Ramos v. CJ Contractor Servs., Inc., 2024 WL 3954330, at *2 (S.D.N.Y. Aug. 2, 2024) (quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  Accordingly, the Court will permit Defaulting Defendant's requested reciprocal discovery, including a deposition and independent medical examination, to the extent such discovery is relevant to Plaintiff's claimed emotional distress and business injuries.

## CONCLUSION

The parties shall confer and submit a proposed discovery plan with appropriate deadlines (including disclosure of any expert reports) and any necessary protective orders no later than May 6, 2026.  The parties shall also advise the Court of the estimated length of time required for the inquest and any date ranges in which the parties are not available between June 2026 and September 2026.

**SO ORDERED.**

Dated:    New York, New York
          April 23, 2026

_____
LORETTA A. PRESKA
Senior United States District Judge

3