EISENBERG & BAUM, LLP

July 1, 2026

**<u>Via ECF</u>**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Otis v. Garren James, et al.*, No. 25-cv-01652 (LAP)**

Dear Judge Preska,

Plaintiff Steve Otis writes to follow up on the discovery dispute. Having reviewed the Defaulting Defendant's production and taken his deposition yesterday, Plaintiff requests full discovery responses because of untimely and deficient answers. Alternatively, Plaintiff requests responses and a production in relation to Document Request Nos. 5, 8, and 9, which relate to income generated by the Defaulting Defendant's role as CEO for co-defendant Cowboys4Angels.

To set the stage, in anticipation for the damages inquest later this summer, Plaintiff tendered discovery requests related to punitive damages on May 8. Ex. A. On June 26, Defaulting Defendant provided discovery responses, Ex. B—long after the allotted thirty-day window without a meaningful explanation for the delay and only after the Court required the parties to address the dispute by that day. Given the delay, all objections should be waived. *See Gropper v. David Ellis Real Est., L.P.*, No. 13 CIV. 2068 ALC JCF, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014).

Even if objections were timely, they are deficient: "meaningless boilerplate" without any statement about whether documents are being withheld. *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (finding "a waiver of all objections (except as to privilege)" because of non-specific objections and without indicating "whether responsive material is being withheld on the basis of objection").

Finally, even without a waiver of untimely and deficient objections, the responses themselves are necessary. Defaulting Defendant produced no documents

in response to Document Request Nos. 5, 8, and 9. Although this District generally requires a financial affidavit, the Defaulting Defendant Brett Taylor testified yesterday that he is unaware of the amount of income generated from Cowboys4Angels and noted that such information comes from tax returns. What is more, given the Defaulting Defendant's willful default, Plaintiff respectfully requests the actual documents in lieu of an affidavit. *See Hamm v. Potamkin*, No. 98 CIV. 7425 (RWS), 1999 WL 249721, at *3 (S.D.N.Y. Apr. 28, 1999) ("Each defendant is therefore directed to produce a financial affidavit containing a statement of its total net worth and listing its income, assets, and liabilities for the past three years. *Plaintiffs remain free, of course, to request further financial information or to renew their demands for defendants' tax returns at a later date should the information provided by defendants be deemed unreliable or insufficient*." (emphasis added)).

Plaintiff thanks the Court and remains available if there are any further questions.

Respectfully submitted,

David J Hommel Esq

David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
dhommel@eandblaw.com
*Attorneys for Plaintiff Steve Otis*

Counsel for each party shall appear for a discovery conference on July 15, 2026 at 11:00 AM in Courtroom 12A. By July 13, 2026, the parties shall also submit a joint letter listing the discovery disputes that remain for the Court's resolution and each party's position.

**SO ORDERED.**

Loretta A. Preska

Loretta A. Preska
Senior United States District Judge



July 6, 2026