EISENBERG & BAUM, LLP

August 17, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Otis v. James, et al.*, No. 25-cv-01652 (LAP)**

Dear Judge Preska:

In relation to Defendant Cowboys4Angels's pending Motion to Dismiss (the "Motion"), Plaintiff Steve Otis respectfully moves to submit supplemental authority and additional material for the record.[1]

To begin, Otis directs the Court's attention to *Richard v. Combs*, No. 24 CIV. 6848 (KPF), 2026 WL 1718089, at *12 (S.D.N.Y. June 12, 2026), in which Judge Katherine Polk Failla addressed equitable tolling while citing Your Honor's decision to dismiss Sean Combs. *Id.* at *8 ("Of the various other civil cases brought against Mr. Combs in this District, perhaps the most on point is *Otis*.").[2] Two points are relevant. First, Judge Failla concluded that "serious [death] threats . . . could excuse some delay" to file a lawsuit. *Id.* at *12. Here, Combs issued a death threat to Otis in 2012, Third Am. Compl. ¶¶ 16–30, ECF No. 119, and then renewed the threats in 2014, *id.* ¶¶ 32–37, and Otis filed the initial complaint in 2025. ECF No. 1. At

[1] *Guillen v. Marshalls of MA, Inc.*, No. 09 CIV. 9575 LAP GWG, 2012 WL 2588771, at *1 (S.D.N.Y. July 2, 2012) (Preska, J.) (noting "the benefit of numerous submissions of supplemental authority").

[2] Of course, the prior *Otis* decision was not based on the now-operative Third Amended Complaint, which followed the Court's recognition that "new evidence [] surfaced that may bear on Plaintiff's arguments for equitable tolling." ECF No. 113.

minimum, then, the "serious threats" in 2012 "could excuse some delay" until 2014 where those threats were renewed, thereby excusing some additional delay. Even if the toll was extended to 2016 or beyond, that would at least render a timely claim under the Trafficking Victims Protection Act. 18 U.S.C. § 1595(c) (ten-year statute of limitations).

The second point is that unlike the facts in *Richard*, the Third Amended Complaint contains the additional death threats in 2014 after Otis "effectively sever[ed] ties with [] Combs" in 2012, *see* 2026 WL 1718089 at *1–2, thereby cutting against "the conclusion [Otis's] duress diminished." *See id.* at *8. By contrast, the eponymous plaintiff in *Richard* was "able to negotiate against [] Combs regarding [an album]" years after the death threats. *Id.* at *4 & *8. Thus, the facts here should warrant a toll until the initial complaint was filed, excusing much more than "some delay" and rendering all claims timely.

Finally, Otis offers the deposition testimony of non-party Bryan Alzate, who submitted a declaration in support of the Motion. To explain, Cowboys4Angels "introduce[d] extrinsic documents" like the declaration "but offer[ed] no legal argument explaining how or why these materials should be incorporated [by reference]." Pl.'s Opp'n Br. at 5, ECF No. 134 (using internal pagination). On reply, Cowboys4Angels abandons all extrinsic documents, noting that "the Court may exclude the additional material and decide the motion on the complaint alone." Def.'s Reply Br. at 6 (cleaned up). The Court should in fact exclude all extrinsic material—now with one additional reason: Bryan Alzate's deposition testimony invalidated his declaration. In his declaration, Alzate swore under penalty of perjury that he was "a long-term personal friend of Otis" who "communicated to [Alzate] a specific and deliberate plan to expose Sean Combs . . . as leverage to obtain a monetary payment." Alzate Decl. ¶¶ 3–4, ECF No. 131. Neither assertion is true. In his deposition testimony, Alzate described the phrase "long-term personal friend" as "a little over the top" and should have been changed by the lawyer that drafted the declaration: Alzate and Otis are only "friendly" and communicated through social media. Pl.'s Ex. A, Alzate Dep. Tr. 24:14–25:8. As for Otis's alleged plan, Alzate testified that he "can't 100 percent say" that Otis communicated such a plan to him directly—contrary to the declaration. *Id.* 26:7–27:10. This deposition testimony shows why the incorporation-by-reference rule exists at the Rule 12(b)(6) stage where Otis is entitled to all well-pled facts and inferences from the pleadings.

* * *

If it would assist the Court, Plaintiff welcomes the opportunity for supplemental briefing but otherwise presents the content of this letter-motion.

Plaintiff thanks the Court and remains available if there are any further questions.

Respectfully submitted,

David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
dhommel@eandblaw.com
*Attorneys for Steve Otis*

cc: All Counsel of Record

Cowboys4Angels may file any letter in response no later than September 22, 2026.

The Clerk of Court shall close Dkt. 160.

**SO ORDERED.**

Loretta A. Preska
Senior United States District Judge

September 8, 2026